```
       THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

                             CENTRAL DIVISION
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| TONIA L. HOWARD, | ) | Case No. 1:07CV00167 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.   INTRODUCTION

On April 10, 2003 and again on August 16, 2005, Plaintiff Tonia L. Howard filed applications for Social Security benefits alleging a disability beginning on December 18, 2002, due to neck pain radiating into her shoulders and arms. (Tr. 139)  She was 31 years of age at the time of her first filing.

Ultimately [1], on February 21, 2007, an Administrative Law Judge ("ALJ") concluded at step four of the five-part sequential

---

[1] Plaintiff's first application was denied initially and upon reconsideration. After a hearing on April 25, 2005, the ALJ issued a decision finding that Plaintiff was not disabled.  Plaintiff's second application was denied initially and upon reconsideration. In May 2006, the Appeals Council vacated the hearing decision and remanded for further consideration.  A hearing was held on September 19, 2006 and a supplemental hearing was held on January 24, 2007.  The ALJ issued an opinion on February 21, 2007, which found that Plaintiff was not disabled.  On November 6, 2007, the Appeal Council upon review found that Plaintiff was not disabled.

evaluation process, *see* 20 C.F.R. § 416.920, *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), that Plaintiff was not disabled because she could perform her past relevant sedentary skilled work as credit card collection clerk. The Appeals Council issued a decision adopting the ALJ's findings and conclusions on November 6, 2007.

Plaintiff now seeks judicial review of the decision of the Commissioner of Social Security denying her claim for benefits. She contends that the ALJ erred in that: (1) he failed to properly evaluate the opinions of Plaintiff's treating physician and gave too much weight to non-treating non-examining physicians; (2) he improperly evaluated Plaintiff's credibility; (3) he found that Plaintiff was not disabled despite his own findings to the contrary; and (4) he failed to elicit a reasonable explanation for an apparent conflict between the testimony of the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT").

## II. STANDARD OF REVIEW

The Court reviews the ALJ's decision only to determine if the factual findings are supported by substantial evidence and if she applied the correct legal standards. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971) (quotation and citation omitted).  The Court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

## III.  DISCUSSION

### A. Treating Physician's Opinion and Related Issues

The Court rejects Plaintiff's first claim that the ALJ improperly discounted the opinion of T. Andrew Dodds, M.D., her treating physician, and gave too much weight to non-treating non-examining physicians.  Citing 20 C.F.R. §§404.1527 as listing factors to be weighed in evaluating treating source medical opinions, Plaintiff asserts that the ALJ failed to go through the required process in evaluating Dr. Dodds' medical opinion.  She urges that because the record is replete with supporting evidence, rejection of Dr. Dodds' opinion was based on illegitimate grounds.

The ALJ must give substantial weight to the evidence and opinions of the claimant's treating physicians unless good cause is shown for finding to the contrary.  *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)("ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record").  A treating physician's opinion may be rejected if it is not "well

supported by clinical and laboratory diagnostic techniques" and if inconsistent with other substantial evidence of record. *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994). *See also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)(quoting SSR 96-2p)(ALJ's decision "'must be sufficiently specific to make clear to any subsequent reviewers'" the weight given to a treating physician's opinion and the reasons for that weight).

Explicit discussion of all the § 404.1527(d) factors is not a prerequisite to meaningful review. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). The Court is satisfied that the ALJ's decision is specific enough to allow for meaningful review as set forth in *Watkins*. *See* 350 F.3d at 1300. The ALJ stated that he considered the opinion of Dr. Dodds, but for a number of specifically cited reasons gave his opinions "little weight". (Tr. 42). The Court concludes that the record, when considered in its entirety, as the ALJ states he did, sets forth substantial evidence from which the ALJ reasonably could have reached his conclusion and which amply supports his reasons for assigning Dr. Dodd's opinions "little weight". *See* Tr. 39-44.

Plaintiff's assertion that the ALJ gave too much weight to the determination of the State agency physicians that Plaintiff was capable of performing a significant range of light work activity, is likewise rejected. Findings of State agency medical consultants

are expert opinions on the issue of disability and must be considered by the ALJ. SSR 96-6P. The ALJ specifically stated:

> Although the State agency physicians did not examine the claimant, they provided specific reasons for their opinions about the claimant's residual functional capacity showing that the opinions were grounded in the evidence in this case. The State agency opinion is supported generally by Dr. Dodds' Assessment of Physical Capacities and Dr. Morrison's testimony.

Tr. 44. The Court finds nothing amounting to error because, as the Commissioner notes, this and other substantial evidence of record support the ALJ's findings as to Plaintiff's ability to work.

Plaintiff also asserts that the ALJ erred by failing to recontact Dr. Dodds. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004)("[i]f evidence from a claimant's treating doctor is inadequate to determine if the claimant is disabled, an ALJ is required to recontact a medical source, including a treating physician, to determine if additional needed information is readily available").

However, as the Commissioner notes, "it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the ALJ 'receive[s] from [the claimant's] treating physician' that triggers the duty." *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). *See also* 20 C.F.R. §416.912(e). The Court agrees with the Commissioner that the record contains sufficient evidence from which the ALJ could reasonably draw

5

conclusions regarding the effects of Plaintiff's alleged impairments, and from which he could exercise his duty to resolve the inconsistencies in reaching his conclusions.

**B.  Evaluation of Plaintiff's Credibility**

Plaintiff's next contention, that the ALJ improperly evaluated her credibility, is also rejected. The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."  Tr.35. Plaintiff complains that "it is not sufficient for the ALJ to simply list the factors and to state that he has considered them." Pl.[s] Br. p.20.

"'Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)(quoting *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)). The ALJ was not required to set forth "a formalistic factor-by-factor recitation of the evidence" he relied on in evaluating Plaintiff's credibility. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). "So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility", the credibility determination is adequate. *Id*.  If the ALJ disbelieved claimant's

6

allegations, he must explain what evidence led him to conclude the claimant's allegations were not credible. *Kepler v. Chater*, 68 F. 3d. 387, 391 (10th Cir. 1995). Without belaboring the matter, the Court finds that the ALJ did precisely that. *See* Tr. 35-39.

**C. Residual Functional Capacity**

Plaintiff next claims that the ALJ's own findings regarding her residual functional capacity supports a finding of disability. At step four of the sequential evaluation process the ALJ found that Plaintiff has the residual functional capacity to perform light work activity with certain limitations, including that she can sit 1-2 hours at a time up to 6 of 8 hours, and that she can stand 1-2 hours at a time up to 4 of 8 hours.  The ALJ, after soliciting testimony from the VE, also found that Plaintiff could perform her past relevant work as a credit card collection clerk, which is sedentary skilled work, DOT 241.357-010,svp 5, and as a debt counselor/credit counselor which is sedentary skilled work, DOT 160.207-010, svp 7.

Plaintiff urges that because sedentary work requires the ability to sit for at least 6 hours of an 8 hour day, SSR 83-10, and because an individual who must alternate between sitting and standing "is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work ... or the prolonged standing or walking contemplated for most light work", SSR 83-12 at *4, the frequency with which she must change postural

positions would clearly prevent her from being able to perform the sedentary job identified.

"Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a). *See Maxwell v. Astrue*, 268 Fed. Appx. 807, 810 (10th Cir. 2008)("the full range of sedentary work does not require six hours of uninterrupted sitting. Rather, it contemplates morning, lunch and afternoon breaks at approximately two-hour intervals. *See* ... SSR 96-9p"). Plaintiff fails to note that SSR 83-12 at *4, which she cites above, also states that "[p]ersons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc, would still be able to perform a defined range of work").

The ALJ solicited testimony from the VE who testified that Plaintiff's past relevant work as a credit card collection clerk was consistent with the residual functional capacity set forth by the ALJ. In supplemental testimony the VE identified the additional sedentary skilled job of debt counselor. *See Hayden v. Barnhart*, 374 F.3d 986, 991-92 (10th Cir. 2004)(ALJ properly relied on vocational expert testimony at step four). The ALJ could reasonably find that the upper end of the restrictions on changing positions between sitting and standing (i.e. every two hours) could

8

be remedied during the morning, lunch, and afternoon break periods. *See* SSR 82-61 (claimant will be found not disabled when it is determined that she retains the residual functional capacity to perform a past job as she performed it or as it is generally performed in the national economy). Accordingly, Plaintiff's claim that the ALJ's own findings support a finding of disability is rejected.

### D. Apparent Conflict between VE's Testimony and the DOT

When there is an apparent unresolved conflict between the testimony of the VE and the DOT, the ALJ is required to elicit a reasonable explanation for the conflict before relying on the VE's testimony.  SSR 00-4P. Plaintiff's final claim is that the ALJ violated SSR 00-4P by failing to resolve an apparent conflict between the VE's testimony and the DOT regarding Plaintiff's need for a "sit-stand option".

Specifically, Plaintiff contends that because the ALJ's hypothetical limitations, based on Plaintiff's residual functional capacity, reflected that she cannot sit for more than 1-2 hours at a time, and because the VE's testimony was that she could perform the sedentary job of credit card collection clerk, for which the DOT provides no sit/stand option, the VE's testimony was not consistent with the DOT.

The Court, however, agrees with the Commissioner that the VE's testimony and the DOT do not conflict.  The ALJ found that

Plaintiff had the residual functional capacity to perform work requiring, among other things, sitting up to 6 hours total per day and standing up to 4 hours per day, with the further limitation that she could sit or stand only 1-2 hours at a time.  Given those restrictions, the VE testified that Plaintiff could perform the sedentary skilled job of credit card collection clerk. At a later hearing the VE identified the additional sedentary skilled job of debt counselor/credit counselor.

Both the DOT and the Commissioner's regulations define sedentary work to involve sitting but may also require walking or standing for brief periods. *See* DOT, Appx.C, 1991 WL 688702 at *10 ("Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time.  Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.); *see also* SSR 83-10 at *6 ("Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. ... 'Occasionally' means occurring from very little up to one-third of the time.); *see also* SSR 96-9P, at *7 ("In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8 hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour

intervals."). Because the upper end of Plaintiff's restrictions on changing positions between sitting and standing (i.e. every two hours) could be accomplished during the morning, lunch, and afternoon break periods, the Court finds no apparent conflict between the VE's testimony and the DOT.

## IV.   CONCLUSION

Because, the record contains substantial evidence from which the Commissioner reasonably could conclude that Plaintiff was not disabled within the meaning of the Social Security Act, and for the forgoing reasons, the decision of the Commissioner as to the Plaintiff Tonia L. Howard is affirmed.

DATED this 16th day of December, 2008.

BY THE COURT:

*[signature: David Sam]*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT